# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al. | Case No. CV08-01083 JFW (VBKx) |
| Plaintiffs, | **[Hon. John F. Walter]** |
| v. | **[PROPOSED]** |
| ANAZAOHEALTH CORPORATION, et al. | **FINAL JUDGMENT AND INJUNCTION ON CONSENT** |
| Defendants. | |
| AND RELATED ACTIONS. | |

# [PROPOSED] FINAL JUDGMENT AND INJUNCTION ON CONSENT

Plaintiffs, Astellas US LLC and Astellas Pharma US, Inc. (collectively "*Astellas*"), Item Development AB ("*Item*"), and King Pharmaceuticals Research and Development, Inc. ("*King*") and Defendants NuView Life Sciences, Inc. (formerly known as NuView Radiopharmaceuticals, Inc.) ("*NuView*"), Paul J. Crowe, and Keith Rustvold (NuView, Paul J. Crowe, and Keith Rustvold shall hereinafter be collectively referred to as "*NuView Defendants*") hereby stipulate and consent to a final judgment and injunction on consent in this action ("*Final Judgment and Injunction on Consent*"). Pursuant to the stipulation and the facts stipulated to by the parties, this Court finds that:

It is HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.

2. For purposes of this Final Judgment and Injunction on Consent:

    a. "*Adenosine Products*" shall mean products, not including Imaging Products, containing adenosine suitable for administration into the bloodstream of a patient;

    b. "*Imaging Products*" shall mean products containing (a) any chemical derivative of adenosine labeled with a radioactive marker and recited in the claims of U.S. Patent No. 7,273,600 or claimed in any later issued patent claiming priority to U.S. Provisional Appn. Nos. 60/465,418 and 60/480,274 as an active ingredient; and (b) not containing adenosine in an amount sufficient to cause selective arterial vasodilation when continuously administered into the bloodstream of a patient at a rate of administration of 0.35 mg per kilogram body weight per minute, or less; and

    c. "*Reperfusion Injury Treatment*" shall mean, without acknowledging that any substantial market for such a procedure exists, continuously administering into the bloodstream of a patient adenosine at a rate of

1     administration of 0.35 mg per kilogram body weight per minute, or less,

2     for purposes of treating or preventing injury associated with reperfusion.

3  3.    Item is the assignee of U.S. Patent No. 5,731,296 (the "*'296 Patent*") and

4     Astellas is the exclusive licensee of certain rights under that patent relating to the

5     use of Adenosine Products at claimed dose ranges by continuous intravenous

6     infusion as pharmacological stress agent adjuncts to myocardial perfusion

7     imaging (hereinafter the "*MPI Indication*").

8  4.    The claims of the '296 Patent are valid and enforceable and the NuView

9     Defendants expressly waive the right to challenge the validity or enforceability of

10     the claims of the '296 Patent in any future litigation, either directly or indirectly

11     or through their officers, agents, employees, attorneys, or related companies, or

12     any person acting for, with, by, through, or under them.

13  5.    The claims of the '296 Patent encompass the use of an Adenosine Product in the

14     MPI Indication and selling, offering for sale, and/or using an Adenosine Product

15     not labeled for use in the MPI Indication for that indication infringes the '296

16     Patent. For purposes of this Final Judgment and Injunction on Consent, "not

17     labeled for use in the MPI Indication" refers to any label that is not an FDA

18     approved label for use in the MPI Indication.

19  6.    King is the assignee of U.S. Patent No. 5,070,877 (the "*'877 Patent*") and

20     Astellas is the exclusive licensee of certain rights under that patent relating to use

21     of Adenosine Products in the MPI Indication.

22  7.    The claims of the '877 Patent are valid and enforceable and the NuView

23     Defendants expressly waive the right to challenge the validity or enforceability of

24     the claims of the '877 Patent in any future litigation, either directly or indirectly

25     or through their officers, agents, employees, attorneys, or related companies, or

26     any person acting for, with, by, through, or under them.

27

28

1  8.    The claims of the '877 Patent encompass the MPI Indication and selling, offering

2        for sale, and/or using an Adenosine Product not labeled for use in the MPI

3        Indication for that indication infringes the '877 Patent.

4  9.    Selling and offering for sale Adenosine Products not labeled for use in the MPI

5        Indication to third parties whom the NuView Defendants know or should know

6        are likely to use the Adenosine Products in the MPI Indication is an inducement

7        of infringement of the '296 Patent and/or of the '877 Patent under 35 U.S.C.

8        § 271(b), and any future NuView Defendants' sale or offer for sale of an

9        Adenosine Product not labeled for use in the MPI Indication to third parties

10       whom they know or should know are likely to use it in the MPI Indication, and

11       who actually use the drug in that indication, constitutes inducement of

12       infringement of the '296 Patent and of the '877 Patent.

13 10.   Selling and offering for sale Adenosine Products for Reperfusion Injury

14       Treatment constitutes inducement of infringement and contributory infringement

15       of the '296 Patent under 35 U.S.C. §§ 271(b) and (c), and any future NuView

16       Defendants' sale or offer for sale of an Adenosine Product for use in Reperfusion

17       Injury Treatment constitutes inducement of infringement and/or contributory

18       infringement of the '296 Patent.

19 11.   Based upon the foregoing findings of this Court and in order to prevent future

20       infringement, the NuView Defendants and their officers, agents, employees,

21       attorneys, and related companies, and any person acting for, with, by, through, or

22       under them, or any person in active concert or participation with them or any of

23       them who receives a copy of this Order (hereinafter, jointly and severally,

24       "*Enjoined Entities*"), shall immediately be RESTRAINED, ENJOINED, AND

25       PREVENTED from: (1) offering for sale or selling Adenosine Products not

26       labeled for use in the MPI Indication to third parties whom the NuView

27       Defendants know or should know are likely to use it in the MPI Indication; (2)

28       offering for sale or selling Adenosine Products for Reperfusion Injury Treatment;

4

1  (3) offering for sale or selling any Adenosine Products not labeled for use in the
2  MPI Indication without providing an Adenosine Patent Notice substantially in the
3  form of Exhibit B as part of each order; (4) for a period of twelve (12) months
4  after entry of this Final Judgment and Injunction on Consent, shipping, causing to
5  be shipped, or otherwise delivering to a customer any Adenosine Product not
6  labeled for use in the MPI Indication without first obtaining from that customer
7  an Adenosine Patent Certification substantially in the form of Exhibit C; and (5)
8  offering for sale or selling an Adenosine Product not labeled for use in the MPI
9  Indication without first sending to all customers who have purchased adenosine
10  from NuView or whose purchases of an Adenosine Product have resulted in
11  revenue to NuView in the last 24 months correspondence substantially in the
12  form of Exhibit D.

13  12.  The injunction provisions of this Final Judgment and Injunction on Consent shall
14  automatically terminate upon the earliest of: (a) the expiration of the '296 Patent;
15  or (b) a final judgment of a court of competent jurisdiction from which no appeal
16  has been or can be taken that all of the claims of the '296 Patent and all of the
17  claims of the '877 Patent are invalid or unenforceable; provided, however, that
18  the NuView Defendants may move the Court to limit or terminate these
19  injunction provisions with respect to any of the claims of the '877 Patent or the
20  '296 Patent at issue in this case, if such claims have expired, been invalidated or
21  held to be unenforceable in a final judgment by a court of competent jurisdiction
22  from which no appeal has been or can be taken.

23  13.  Counts IV, V, and VI of the Second Amended Complaint relating to intentional
24  interference with prospective economic advantage and unfair competition,
25  respectively, and any and all other counts contained in the Litigation not
26  otherwise settled in this Final Judgment and Injunction on Consent, are hereby
27  dismissed as to the NuView Defendants with prejudice

28

14. Counts I, II, III, IV, and V of the NuView Defendants' Counterclaims as set forth in their Answer to the Second Amended Complaint relating to the '877 Patent, the '296 Patent, unfair competition, intentional interference with prospective economic advantage, and antitrust, respectively, and any and all other counts contained in the Litigation not otherwise settled in this Final Judgment and Injunction on Consent, are hereby dismissed as to the Plaintiffs with prejudice.

15. This Court retains jurisdiction to supervise performance under this Final Judgment and Injunction on Consent.

Dated: _____, 2009

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT COURT JUDGE

*Presented by:*

**MORRIS POLICH & PURDY LLP**

By _____
        Donald L. Ridge

*Attorneys for Plaintiffs, ASTELLAS US LLC and*
*ASTELLAS PHARMA US, INC.*

Charles E. Lipsey
Susan H. Griffen
David P. Frazier
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, L.L.P.**

*Attorneys for Plaintiffs, ASTELLAS US LLC and*
*ASTELLAS PHARMA US, INC.*

Glenn W. Trost
Jean E. Shimotake
John P. Scheibeler
**WHITE & CASE LLP**

*Attorneys for Plaintiff, Item Development AB*

6

Theodore S. Maceiko
F. Dominic Cerrito
Jonathan A. Muenkel
**JONES DAY**

*Attorneys for Plaintiff, King Pharmaceuticals
Research and Development, Inc.*

**EXHIBIT A**

# EXHIBIT A

[Intentionally Left Blank]

**EXHIBIT B**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al.<br><br>              Plaintiffs,<br><br>v.<br><br>ANAZAOHEALTH CORPORATION, et al.<br><br>              Defendants. | Case No. CV08-01083 JFW (VBKx)<br><br>**[Hon. John F. Walter]**<br><br>**ADENOSINE PATENT NOTICE** |
| AND RELATED ACTIONS. | |

# ADENOSINE PATENT NOTICE

To whom it may concern:

Adenosine products offered for sale and sold by NuView Life Sciences, Inc. (formerly known as NuView Radiopharmaceuticals, Inc.) should be used in accordance with the manufacturer's labeling. The use of these products for purposes other than their labeled use may result in patent infringement liability. Astellas is the exclusive licensee of patent rights relating to use of adenosine as a pharmacological stress agent for myocardial perfusion imaging ("MPI"). The use of an adenosine product labeled for non-MPI purposes, such as treatment of paroxysmal supraventricular tachycardia ("PSVT") or reperfusion injury, as a substitute for Astellas's Adenoscan® in MPI procedures infringes U.S. Patent Nos. 5,070,877 and 5,731,296 (respectively the '877 and '296 patents). Both patents are listed in the FDA's Orange Book as covering a method of using an adenosine infusion in MPI studies. These method of use patents would be infringed by the use of any adenosine product not labeled for use in MPI as a substitute for Adenoscan® in MPI procedures. The '877 patent will expire on May 18, 2009 and the '296 patent will expire March 24, 2015. The expiration of the '877 patent has no bearing on the term or enforceability of the separate and distinct '296 patent. Consequently, even after May 18, 2009, the use of Adenoscan® in patients will still be patent protected, and only Astellas and companies authorized by Astellas will be legally permitted to use adenosine as an adjunct for myocardial perfusion imaging or sell an Adenoscan® substitute for that use.

**EXHIBIT C**

EXHIBIT C

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al.<br><br>         Plaintiffs,<br><br>v.<br><br>ANAZAOHEALTH CORPORATION, et al.<br><br>         Defendants. | Case No. CV08-01083 JFW (VBKx)<br><br>**[Hon. John F. Walter]**<br><br>**ADENOSINE PATENT CERTIFICATION** |
| AND RELATED ACTIONS. | |

# ADENOSINE PATENT CERTIFICATION

The undersigned party certifies on behalf of [name of practice or clinic] to the following:

1.  [Name of practice or clinic] is aware that the use of an adenosine product labeled for non-MPI purposes, such as treatment of paroxysmal supraventricular tachycardia ("PSVT") or reperfusion injury, as a substitute for Astellas's Adenoscan® in myocardial perfusion imaging procedures infringes U.S. Patent Nos. 5,070,877 and 5,731,296 (respectively the '877 and '296 patents);

2.  Such infringement may result in patent infringement liability;

3.  [Name of practice or clinic] has been notified that the '877 patent expires on May 18, 2009 but that the '296 patent will not expire until March 24, 2015.

4.  Adenosine labeled for treatment of PSVT or other non-MPI purposes and purchased from NuView Life Sciences, Inc. (formerly known as NuView Radiopharmaceuticals, Inc.) will not be used as a pharmacological stress agent as an adjunct to MPI.

_____

Signed

_____

**EXHIBIT D**

1 | **EXHIBIT D**

2

3

4

5

6

7

8

9

10

11

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

14

| | |
|---|---|
| ASTELLAS US LLC, et al. | Case No. CV08-01083 JFW (VBKx) |
| Plaintiffs, | **[Hon. John F. Walter]** |
| v. | **ADENOSINE NOTICE LETTER** |
| ANAZAOHEALTH CORPORATION, et al. | |
| Defendants. | |
| AND RELATED ACTIONS. | |

# ADENOSINE NOTICE LETTER

__, 200_

Customer Name and Address

Dear Customer:

Before NuView can sell adenosine to you, we direct you to the enclosed Adenosine Patent Notice and Adenosine Patent Certification. Please understand that Astellas US LLC, Astellas Pharma US, Inc., King Pharmaceuticals Research and Development, Inc., and Item Development AB hold the exclusive patent rights in the method of using adenosine as a pharmacological stress agent adjunct to myocardial perfusion imaging.

NuView does not offer for sale or sell an adenosine product labeled for treatment of PSVT or reperfusion injury as a substitute for Adenoscan® as a pharmacological stress agent for myocardial perfusion imaging studies at infusion rates including 140 micrograms of adenosine per kilogram of patient weight per minute, or otherwise induce such use, in accordance with Astellas's patent rights. To avoid any confusion as to the use of an adenosine product labeled for treatment of PSVT or reperfusion injury, we ask that you read the enclosed Adenosine Patent Notice and sign the enclosed Adenosine Patent Certification. Upon signing the certification please forward it to NuView.

By signing the Adenosine Patent Certification you acknowledge and certify that you will use the adenosine sold by NuView for its intended use and not as a pharmacological stress agent adjunct to myocardial perfusion imaging as a substitute for Adenoscan®.

We thank you for your cooperation in this matter.

Sincerely,

_____

**EXHIBIT E**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al.<br><br>                    Plaintiffs,<br><br>v.<br><br>ANAZAOHEALTH CORPORATION, et al.<br><br>                    Defendants.<br><br>AND RELATED ACTIONS. | Case No. CV08-01083 JFW (VBKx)<br><br>**[Hon. John F. Walter]**<br><br>**STIPULATED FACTS AND CONSENT TO ENTRY OF FINAL JUDGMENT AND INJUNCTION ON CONSENT** |

## STIPULATED FACTS AND CONSENT TO ENTRY OF FINAL JUDGMENT AND INJUNCTION ON CONSENT

Plaintiffs, Astellas US LLC and Astellas Pharma US, Inc. (collectively "*Astellas*"), Item Development AB ("*Item*"), and King Pharmaceuticals Research and Development, Inc. ("*King*") and Defendants NuView Life Sciences, Inc. (formerly known as NuView Radiopharmaceuticals, Inc.) ("*NuView*"), Paul J. Crowe, and Keith Rustvold (NuView, Paul J. Crowe, and Keith Rustvold shall hereinafter be collectively referred to as "*NuView Defendants*") hereby stipulate and agree to the following facts (the "*Stipulated Facts*"), which shall be entered as findings by the Court, and based thereon request that the Court enter a final judgment and injunction on consent ("*Final Judgment and Injunction on Consent*"):

1. The Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.

2. For purposes of these Stipulated Facts:

   a. "*Adenosine Products*" shall mean products, not including Imaging Products, containing adenosine suitable for administration into the bloodstream of a patient;

   b. "*Imaging Products*" shall mean products containing (a) any chemical derivative of adenosine labeled with a radioactive marker and recited in the claims of U.S. Patent No. 7,273,600 or claimed in any later issued patent claiming priority to U.S. Provisional Appn. Nos. 60/465,418 and 60/480,274 as an active ingredient; and (b) not containing adenosine in an amount sufficient to cause selective arterial vasodilation when continuously administered into the bloodstream of a patient at a rate of administration of 0.35 mg per kilogram body weight per minute, or less; and

   c. "*Reperfusion Injury Treatment*" shall mean, without acknowledging that any substantial market for such a procedure exists, continuously

17

1  administering into the bloodstream of a patient adenosine at a rate of

2  administration of 0.35 mg per kilogram body weight per minute, or less,

3  for purposes of treating or preventing injury associated with reperfusion.

4  3.  Item is the assignee of U.S. Patent No. 5,731,296 (the "*'296 Patent*") and

5  Astellas is the exclusive licensee of certain rights under that patent relating to the

6  use of Adenosine Products at claimed dose ranges by continuous intravenous

7  infusion as pharmacological stress agent adjuncts to myocardial perfusion

8  imaging (hereinafter the "*MPI Indication*").

9  4.  The claims of the '296 Patent are valid and enforceable and the NuView

10  Defendants expressly waive the right to challenge the validity or enforceability of

11  the claims of the '296 Patent in any future litigation, either directly or indirectly

12  or through their officers, agents, employees, attorneys, or related companies, or

13  any person acting for, with, by, through, or under them.

14  5.  The claims of the '296 Patent encompass the use of an Adenosine Product in the

15  MPI Indication and selling, offering for sale, and/or using an Adenosine Product

16  not labeled for use in the MPI Indication for that indication, infringes the '296

17  Patent.  For purposes of these Stipulated Facts, "not labeled for use in the MPI

18  Indication" refers to any label that is not an FDA approved label for use in the

19  MPI Indication.

20  6.  King is the assignee of U.S. Patent No. 5,070,877 (the "*'877 Patent*") and

21  Astellas is the exclusive licensee of certain rights under that patent relating to use

22  of Adenosine Products in the MPI Indication.

23  7.  The claims of the '877 Patent are valid and enforceable and the NuView

24  Defendants expressly waive the right to challenge the validity or enforceability of

25  the claims of the '877 Patent in any future litigation, either directly or indirectly

26  or through their officers, agents, employees, attorneys, or related companies, or

27  any person acting for, with, by, through, or under them.

28

8.  The claims of the '877 Patent encompass the MPI Indication and selling, offering for sale, and/or using an Adenosine Product not labeled for use in the MPI Indication for that indication infringes the '877 Patent.

9.  Selling and offering for sale Adenosine Products not labeled for use in the MPI Indication to third parties whom the NuView Defendants know or should know are likely to use the Adenosine Products in the MPI Indication is an inducement of infringement of the '296 Patent and/or of the '877 Patent under 35 U.S.C. § 271(b), and any future NuView Defendants' sale or offer for sale of an Adenosine Product not labeled for use in the MPI Indication to third parties whom they know or should know are likely to use it in the MPI Indication, and who actually use the drug in that indication, constitutes inducement of infringement of the '296 Patent and of the '877 Patent.

10. Selling and offering for sale Adenosine Products for Reperfusion Injury Treatment constitutes inducement of infringement and contributory infringement of the '296 Patent under 35 U.S.C. §§ 271(b) and (c), and any future NuView Defendants' sale or offer for sale of an Adenosine Product for use in Reperfusion Injury Treatment constitutes inducement of infringement and/or contributory infringement of the '296 Patent.

11. Selling and offering for sale Adenosine Products not labeled for use in the MPI Indication to third parties whom the NuView Defendants know or should know are likely to use the Adenosine Products in the MPI Indication is an inducement of infringement of the '296 Patent and/or of the '877 Patent under 35 U.S.C. § 271(b). and any future NuView Defendants' sale or offer for sale of an Adenosine Product not labeled for use in the MPI Indication to third parties whom they know or should know are likely to use it in the MPI Indication, and who actually use it in that indication, constitutes inducement of infringement of the '296 Patent and of the '877 Patent.

1    12.    Counts IV, V, and VI of the Second Amended Complaint relating to intentional
2    interference with prospective economic advantage and unfair competition,
3    respectively, and any and all other counts contained in the Litigation not
4    otherwise settled in the Final Judgment and Injunction on Consent, shall be
5    dismissed as to the NuView Defendants with prejudice.

6    13.    Counts I, II, III, IV, and V of the NuView Defendants' Counterclaims as set forth
7    in their Answer to the Second Amended Complaint relating to the '877 Patent,
8    the '296 Patent, unfair competition, intentional interference with prospective
9    economic advantage, and antitrust, respectively, and any and all other counts
10   contained in the Litigation not otherwise settled in the Final Judgment and
11   Injunction on Consent, shall be dismissed as to the Plaintiffs with prejudice.

12   14.    This Court shall retain jurisdiction to supervise performance under the Final
13   Judgment and Injunction on Consent.

15   Dated:  April ___, 2009

20

**EXHIBIT F**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al. | Case No. CV08-01083 JFW (VBKx) |
| Plaintiffs, | **[Hon. John F. Walter]** |
| v. | |
| ANAZAOHEALTH CORPORATION, et al. | |
| Defendants. | |
| AND RELATED ACTIONS. | |

1        Astellas US LLC, Astellas Pharma US, Inc., King Pharmaceuticals Research and
2    Development, Inc., and Item Development AB have resolved their dispute with
3    NuView Life Sciences, Inc. (formerly known as NuView Radiopharmaceuticals, Inc.)
4    ("NuView") regarding NuView's sale of adenosine, other than Adenoscan® sold by or
5    on behalf of Astellas, in myocardial perfusion imaging procedures and for use in the
6    treatment and prevention of myocardial reperfusion injury. NuView has agreed to
7    respect Astellas's patent rights as long as they remain in force.
8
9        Any questions you may have concerning this matter or concerning Astellas's
10   patent rights in the use of adenosine in myocardial perfusion imaging procedures or
11   myocardial reperfusion injury should be referred to Astellas US LLC's Legal
12   Department at 847-317-8291.  No other Astellas personnel are authorized to provide
13   information on this matter.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28