| | | |
|---|---|---|
| AO 120 (Rev. 3/04) | | |
| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court  Central Dist. of CA  on the following  [X] Patents or Trademarks:

| DOCKET NO.<br>CV08-01083 JFW | DATE FILED<br>February 15, 2008 | U.S. DISTRICT COURT<br>Central District of California |
|---|---|---|
| PLAINTIFF<br>ASTELLAS US LLC, ASTELLAS PHARMA US, INC., ITEM DEVELOPMENT AB, and KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT, INC. | | DEFENDANT<br>ANAZAOHEALTH CORPORATION, NUVIEW RADIOPHARMACEUTICALS, INC., PAUL CROWE, and KEITH RUSTVOLD |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5,731,296 | March 24, 1988 | Item Development AB |
| 2 | 5,070,877 | December 10, 1991 | King Pharmaceuticals Research and Development Inc. |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment  [ ] Answer  [ ] Cross Bill  [ ] Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| "See attached Final Judgment and Injunction" |

| CLERK<br>TERRY NAFISI | (BY) DEPUTY CLERK<br>J. Lam | DATE<br>4/14/2009 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

AO-120

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al. | Case No. CV08-01083 JFW (VBKx) |
| Plaintiffs, | **[Hon. John F. Walter]** |
| v. | **FINAL JUDGMENT AND INJUNCTION ON CONSENT** |
| ANAZAOHEALTH CORPORATION, et al. | |
| Defendants. | |
| AND RELATED ACTIONS. | |

**[PROPOSED] FINAL JUDGMENT AND INJUNCTION ON CONSENT**

Plaintiffs, Astellas US LLC and Astellas Pharma US, Inc. (collectively "Astellas"), Item Development AB ("Item"), and King Pharmaceuticals Research and Development, Inc. ("King"), and Defendants MTS Health Supplies, Inc., Nabil Saba, and Ghassan Salaymeh (MTS, Nabil Saba, and Ghassan Salaymeh shall hereinafter be collectively referred to as "MTS") hereby stipulate and consent to judgment in this action. Pursuant to the stipulation and the facts stipulated to by the parties this Court finds, as to these parties only, that:

It is HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.
2. Item is the assignee of U.S. Patent No. 5,731,296 ("the '296 patent") and Astellas is the exclusive licensee of certain rights under that patent relating to the use of adenosine at claimed dose ranges by continuous intravenous infusion as a pharmacological stress agent adjunct to myocardial perfusion imaging ("the MPI Indication").
3. The claims of the '296 patent are valid, enforceable, and have been infringed under 35 U.S.C. Section 271(b).
4. MTS expressly waives the right to challenge or cause to be challenged, directly or indirectly or through its officers, agents, employees, attorneys, and related companies, and any person acting for, with, by, through, or under them, the validity or enforceability of the claims of the '296 patent in any future litigation unless those claims have expired or have been previously held to be invalid or unenforceable in a decision by a court of competent jurisdiction from which no appeal has been or can be taken.
5. The claims of the '296 patent encompass the use of adenosine in the MPI Indication and selling, offering for sale, and/or using an adenosine product not labeled for use in the MPI Indication for that indication infringes the '296 patent.

|   |     | For purposes of this Final Judgment and Injunction on Consent, "not labeled for use in the MPI Indication" refers to any label that is not an FDA approved label for use in the MPI Indication. |
|---|-----|---|
| 4 | 6.  | King is the assignee of U.S. Patent No. 5,070,877 ("the '877 patent") and Astellas is the exclusive licensee of certain rights under that patent relating to use of adenosine in the MPI Indication. |
| 7 | 7.  | The claims of the '877 patent are valid, enforceable, and have been infringed under 35 U.S.C. Section 271(b). |
| 9 | 8.  | MTS expressly waives the right to challenge or cause to be challenged, directly or indirectly or through its officers, agents, employees, attorneys, and related companies, and any person acting for, with, by, through, or under them, the validity or enforceability of the claims of the '877 patent in any future litigation unless those claims have expired or have been previously held to be invalid or unenforceable in a decision by a court of competent jurisdiction from which no appeal has been or can be taken. |
| 16 | 9. | The claims of the '877 patent encompass the MPI Indication and selling, offering for sale, and/or using an adenosine product not labeled for use in the MPI Indication for that indication infringes the '877 patent. |
| 19 | 10. | Selling and offering for sale an adenosine product not labeled for use in the MPI Indication to third parties whom the seller knows or should know use it in the MPI Indication is an inducement of infringement of the '296 patent and/or of the '877 patent under 35 U.S.C. § 271(b), and any future MTS sale or offer for sale of an adenosine product not labeled for use in the MPI Indication to third parties whom they know or should know are likely to use it in the MPI Indication, and who actually use the drug in that indication, constitutes inducement of infringement of the '296 Patent and of the '877 Patent. |

11. MTS's sale and offer for sale of an adenosine product labeled for use in treatment of PSVT to third parties who used it in the MPI Indication has resulted in the direct infringement of the '296 patent and of the '877 patent.

12. Based upon the foregoing findings of this Court and in order to prevent future infringement by third parties of the '296 and '877 patents, MTS and its officers, agents, employees, attorneys, and related companies, and any person acting for, with, by, through, or under them, or any person in active concert or participation with them or any of them who receives a copy of this Order (hereinafter, jointly and severally, "Enjoined Entities"), shall immediately be RESTRAINED, ENJOINED, AND PREVENTED from: (1) offering for sale or selling an adenosine product not labeled for use in the MPI Indication to third parties whom MTS knows or should know are likely to use it in the MPI Indication; (2) offering for sale or selling an adenosine product not labeled for use in the MPI Indication without providing an Adenosine Patent Notice substantially in the form of Exhibit B as part of each order; (3) for a period of twelve (12) months after entry of this Final Judgment and Injunction on Consent, shipping or otherwise delivering or causing to be delivered to a customer any adenosine product not labeled for use in the MPI Indication without first obtaining from that customer an Adenosine Patent Certification substantially in the form of Exhibit C; and (4) offering for sale or selling an adenosine product not labeled for use in the MPI Indication without first sending to all customers who have purchased adenosine from MTS in the last 24 months correspondence substantially in the form of Exhibit D.

13. The injunction provisions of this Final Judgment and Injunction on Consent shall automatically terminate upon the earliest of: (a) the expiration of the '296 patent; or (b) a final judgment of a court of competent jurisdiction from which no appeal has been or can be taken that all of the claims of the '296 patent and all of the claims of the '877 patent are invalid or unenforceable.

14. Count III relating to willful infringement and counts IV and VI of the Second Amended Complaint relating to intentional interference with prospective economic advantage and unfair competition, respectively, are hereby dismissed as to MTS only with prejudice.
15. This Court retains jurisdiction to supervise performance under this Final Judgment and Injunction on Consent.
16. Therefore, the Court enters Judgment in the form of this Final Judgment and Injunction on Consent in favor of Astellas, Item, and King pursuant to relief requested as to Count I of the Second Amended Complaint.

Dated: April 13, 2009

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

[Intentionally Left Blank]

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ANAZAOHEALTH CORPORATION, et al.<br><br>Defendants.<br><br>AND RELATED ACTIONS. | Case No. CV08-01083 JFW (VBKx)<br><br>**[Hon. John F. Walter]**<br><br>**ADENOSINE PATENT NOTICE** |

## ADENOSINE PATENT NOTICE

To whom it may concern:

Astellas is the exclusive licensee of patent rights relating to use of adenosine as a pharmacological stress agent for myocardial perfusion imaging ("MPI"). The use of an adenosine product labeled for non-MPI purposes, such as treatment of paroxysmal supraventricular tachycardia ("PSVT"), as a substitute for Astellas's Adenoscan® in MPI procedures infringes U.S. Patent Nos. 5,070,877 and 5,731,296 (respectively the '877 and '296 patents). Both patents are listed in the FDA's Orange Book as covering a method of using an adenosine infusion in MPI studies. While the '877 patent will expire on May 18, 2009 and the '296 patent will expire March 24, 2015, the expiration of the '877 patent has no bearing on the term or enforceability of the separate and distinct '296 patent. Consequently, even after May 18, 2009, the use of adenosine in patients for MPI will still be patent protected, and only Astellas and companies and persons authorized by Astellas will be legally permitted to use or sell adenosine as an adjunct for myocardial perfusion imaging or to use or sell an Adenoscan® substitute for that purpose.

Adenosine products sold by MTS Health Supplies should be used in accordance with the manufacturer's labeling. The use of these products for purposes other than their labeled use may result in patent infringement liability.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ASTELLAS US LLC, et al.<br><br>              Plaintiffs,<br><br>v.<br><br>ANAZAOHEALTH CORPORATION, et al.<br><br>              Defendants.<br><br>AND RELATED ACTIONS. | Case No. CV08-01083 JFW (VBKx)<br><br>**[Hon. John F. Walter]**<br><br>**ADENOSINE PATENT CERTIFICATION** |

# **ADENOSINE PATENT CERTIFICATION**

The undersigned party certifies on behalf of [name of practice or clinic] to the following:

1. [Name of practice or clinic] is aware that the use of an adenosine product labeled for non-myocardial perfusion imaging ("MPI") purposes, such as treatment of paroxysmal supraventricular tachycardia ("PSVT"), as a substitute for Astellas's Adenoscan® in myocardial perfusion imaging procedures infringes U.S. Patent Nos. 5,070,877 and 5,731,296 (respectively the '877 and '296 patents);

2. Such infringement may result in patent infringement liability;

3. [Name of practice or clinic] has been notified that the '877 patent expires on May 18, 2009 but that the '296 patent will not expire until March 24, 2015; and

4. Adenosine labeled for treatment of PSVT or other non-MPI purposes and purchased from MTS Health Supplies, Inc. will not be used as a pharmacologic stress agent as an adjunct to MPI.

_____
Signed

_____

# EXHIBIT D

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al.<br><br>        Plaintiffs,<br><br>v.<br><br>ANAZAOHEALTH CORPORATION, et al.<br><br>        Defendants. | Case No. CV08-01083 JFW (VBKx)<br><br>**[Hon. John F. Walter]**<br><br>**ADENOSINE NOTICE LETTER** |
| AND RELATED ACTIONS. | |

# **ADENOSINE NOTICE LETTER**

__, 200_

Customer Name and Address


Dear Customer:

Thank you for your interest in purchasing adenosine from MTS Health Supplies, Inc. ("MTS"). Before MTS can sell adenosine to you, we direct you to the enclosed Adenosine Patent Notice and Adenosine Patent Certification. Please understand that Astellas US LLC, Astellas Pharma US, Inc., King Pharmaceuticals Research and Development, Inc., and Item Development AB hold the exclusive patent rights in the method of using adenosine as an adjunct to myocardial perfusion imaging.

MTS does not offer for sale or sell an adenosine product labeled for treatment of PSVT as a substitute for Adenoscan® , which is a pharmacological stress agent for myocardial perfusion imaging studies at infusion rates including 140 micrograms of adenosine per kilogram of patient weight per minute. To avoid any confusion as to the use of an adenosine product labeled for treatment of PSVT, we ask that you read the enclosed Adenosine Patent Notice and sign the enclosed Adenosine Patent Certification. Upon signing the certification, please forward it to MTS via facsimile at (951) 279-9989.

By signing the Adenosine Patent Certification, you acknowledge and certify that you will use the generic adenosine sold by MTS for its intended use related to PSVT and not as an adjunct to myocardial perfusion imaging as a substitute for Adenoscan®.

We thank you for your cooperation in this matter.


                                        Sincerely,



                                        _____

# EXHIBIT E

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASTELLAS US LLC, et al.<br><br>          Plaintiffs,<br><br>v.<br><br>ANAZAOHEALTH CORPORATION, et al.<br><br>          Defendants.<br>AND RELATED ACTIONS. | Case No. CV08-01083 JFW (VBKx)<br><br>**[Hon. John F. Walter]**<br><br>**STIPULATED FACTS AND CONSENT TO ENTRY OF FINAL JUDGMENT AND INJUNCTION ON CONSENT** |

# STIPULATED FACTS AND CONSENT TO ENTRY OF FINAL JUDGMENT AND INJUNCTION ON CONSENT

Plaintiffs, Astellas US LLC and Astellas Pharma US, Inc. (collectively "Astellas"), Item Development AB ("Item"), and King Pharmaceuticals Research and Development, Inc. ("King") and Defendants MTS Health Supplies, Inc., Nabil Saba, and Ghassan Salaymeh (MTS, Nabil Saba, and Ghassan Salaymeh shall hereinafter be collectively referred to as "MTS") hereby stipulate and agree to the following facts, which shall be entered as findings by the Court:

1. The Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.
2. Item is the assignee of U.S. Patent No. 5,731,296 ("the '296 patent") and Astellas is the exclusive licensee of certain rights under that patent relating to the use of adenosine at claimed dose ranges by continuous intravenous infusion as a pharmacological stress agent adjunct to myocardial perfusion imaging ("the MPI Indication").
3. The claims of the '296 patent are valid, enforceable, and infringed under 35 U.S.C. Section 271(b).
4. MTS expressly waives the right to challenge or cause to be challenged, directly or indirectly or through its officers, agents, employees, attorneys, and related companies, and any person acting for, with, by, through, or under them, the validity or enforceability of the claims of the '296 patent in any future litigation unless those claims have expired or have been previously held to be invalid or unenforceable in a decision by a court of competent jurisdiction from which no appeal has been or can be taken.
5. The claims of the '296 patent encompass the use of adenosine in the MPI Indication and selling, offering for sale, and/or using an adenosine product not labeled for use in the MPI Indication for that indication infringes the '296 patent. For purposes of the Judgment and Injunction on Consent, "not labeled for use in

| | |
|---|---|
| 1 | the MPI Indication" refers to any label that is not an FDA approved label for use |
| 2 | in the MPI Indication. |

6. King is the assignee of U.S. Patent No. 5,070,877 ("the '877 patent") and Astellas is the exclusive licensee of certain rights under that patent relating to use of adenosine in the MPI Indication.

7. The claims of the '877 patent are valid, enforceable, and infringed under 35 U.S.C. Section 271(b).

8. MTS expressly waives the right to challenge or cause to be challenged, directly or indirectly or through its officers, agents, employees, attorneys, and related companies, and any person acting for, with, by, through, or under them, the validity or enforceability of the claims of the '877 patent in any future litigation unless those claims have expired or have been previously held to be invalid or unenforceable in a decision by a court of competent jurisdiction from which no appeal has been or can be taken.

9. The claims of the '877 patent encompass the MPI Indication and selling, offering for sale, and/or using an adenosine product not labeled for use in the MPI Indication for that indication infringes the '877 patent.

10. Selling or offering for sale an adenosine product not labeled for use in the MPI Indication to third parties whom the seller knows or should know use it in the MPI Indication is an inducement of infringement of the '296 patent and/or of the '877 patent under 35 U.S.C. § 271(b), and any future MTS sale or offer for sale of an adenosine product not labeled for use in the MPI Indication to third parties whom they know or should know are likely to use it in the MPI Indication, and who actually use the drug in that indication, constitutes inducement of infringement of the '296 Patent and of the '877 Patent.

11. MTS's selling or offering for sale of an adenosine product labeled for use in treatment of PSVT to third parties who used it in the MPI Indication has resulted in the infringement of the '296 patent and of the '877 patent.

16

12. Count III relating to willful infringement and counts IV and VI of the Second Amended Complaint relating to intentional interference with prospective economic advantage and unfair competition, respectively, shall be dismissed as to MTS only with prejudice.
13. This Court shall retain jurisdiction to supervise performance under this Final Judgment and Injunction on Consent.
14. The Court shall enter Judgment in the form of the concurrently-filed [proposed] Final Judgment and Injunction on Consent.

Dated: April ___, 2009

# **EXHIBIT F**

# **UNITED STATES DISTRICT COURT**
# **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ASTELLAS US LLC, et al. | Case No. CV08-01083 JFW (VBKx) |
| Plaintiffs, | **[Hon. John F. Walter]** |
| v. | |
| ANAZAOHEALTH CORPORATION, et al. | |
| Defendants. | |
| AND RELATED ACTIONS. | |

1    Astellas US LLC, Astellas Pharma US, Inc., King Pharmaceuticals Research and Development, Inc., and Item Development AB have resolved their dispute with MTS Health Supplies, Inc. regarding MTS Health Supplies, Inc.'s sale of generic adenosine which has been used as a substitute for Adenoscan® sold by or on behalf of Astellas, in myocardial perfusion imaging procedures. MTS Health Supplies, Inc. has agreed to respect Astellas's patent rights as long as they remain in force.

    Any questions you may have concerning this matter or concerning Astellas's patent rights in the use of adenosine in myocardial perfusion imaging procedures should be referred to Astellas US LLC's Legal Department at 847-317-8291. No other Astellas personnel are authorized to provide information on this matter.